UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**VIDAL WHITLEY,**

*Plaintiff,*

- against -

**Lieutenant J. MILLER, D. VENETTOZZI,** and
**ALBERT PRACK**, in their individual capacities,

*Defendants.*

9:13-cv-418 (DNH/DEP)

COMPLAINT

## PRELIMINARY STATEMENT

1. This action seeks damages for plaintiff's confinement in a Special Housing Unit as a result of a Tier III disciplinary hearing at which plaintiff's due process right to a hearing disposition supported by "some reliable evidence" of guilt was violated.

2. This action is brought under 42 U.S.C. § 1983. The defendants' actions, as alleged herein, violated plaintiff's rights as protected by the Fifth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

3. This action is brought pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

## PARTIES

4. Plaintiff Vidal Whitley is an inmate in the custody of the New York State Department of Corrections and Community Services (DOCCS). He is currently confined at Mt. McGregor Correctional Facility, in Wilton, New York. The prison discipline hearing at issue herein was held at Clinton Correctional Facility on August 24, 2011, while plaintiff was confined at that facility.

5. Defendant Miller was a lieutenant at Clinton Correctional Facility, and served as the hearing officer for plaintiff's Tier III disciplinary hearing in August, 2011. As hearing officer, defendant Miller issued a hearing disposition in which plaintiff was found guilty of all charges set forth in the misbehavior report, and imposed a penalty including thirty-six (36) months in a Special Housing Unit (SHU).

6. On October 28, 2011, in his capacity as Acting Director of DOCCS' Special Housing/ Inmate Disciplinary Program, defendant Venettozzi modified the disposition of plaintiff's hearing by reducing the duration of Special Housing Unit confinement and concomitant loss of packages, commissary and phone privileges, to eighteen (18) months.

7. On March 16, 2012, in his capacity as Director of DOCCS' Special Housing/ Inmate Disciplinary Program, defendant Prack denied plaintiff's counsel's request to reconsider the hearing disposition. Subsequently, on November 9, 2012, defendant Prack administratively reversed the hearing disposition.

## FACTS

8. On information and belief on August 19, 2011 a twenty (20) man fight occurred in the North Yard at Clinton Correctional Facility.

9. On August 20, 2011 Sergeant M. Guynup wrote a misbehavior report alleging that plaintiff participated in the August 19 fight. According to Sgt. Guynup's misbehavior report, plaintiff was involved in the fight, and was "observed by staff throwing closed fist punches at the head and torso of unknown inmates."

10. The misbehavior report alleged that through his alleged conduct on August 19, plaintiff violated disciplinary rules 100.13 (fighting); 104.11 (violent conduct); 104.13 (disturbance); 106.10 (direct orders); and 105.13 (gang activity).

11. Sgt. Guynup's misbehavior report resulted in a Tier III disciplinary hearing. The entire hearing was held on August 24, 2011.

12. During the hearing plaintiff pled not guilty to each of the charges against him.

13. After offering his pleas, plaintiff testified that he was in the yard on August 24, and that he observed the start of the large altercation, but that he was not involved in the altercation. Plaintiff stated that he ran away from the area of the altercation, that he never fought anyone, and that as soon as orders were given to get on the ground, he did so.

14. Plaintiff and defendant Miller then watched a videotape of the incident. While plaintiff thought he could see himself running from the area of the fight, defendant Miller was unable to positively identify plaintiff in the video.

15. Defendant Miller then called Sgt. Guynup, author of the misbehavior report, as a witness.

16. Defendant Miller asked Sgt. Guynup how he had identified plaintiff as a participant in the incident.

17. Sgt. Guynup stated, "[f]rom Ground Post 23 over and across to Ground Post 21 and back to the section of the fence line going towards the rec shack. Any …inmate that was in the direct area had a participation either actually fighting or attempting to come into the altercation."

18. Plaintiff, defendant Miller, and Sgt. Guynup then viewed the videotape of the incident. While watching the videotape, plaintiff identified himself as an individual in a green sweatshirt and a green winter hat, who did not fight, and who ran from the area of the fight.

19. Plaintiff insisted that he had not punched anybody, and that he could not be seen on the video throwing punches. He questioned how he had been identified as throwing punches.

20. Sgt. Guynup replied that, "I was at 1 Post when this eruption took off, we were watching as we moved out to the Yard. Anybody that was in that direct area was throwing punches. The camera pans off a little while looking at other areas. You were in that direct route by 23 Post. It's my estimation that you were involved in that altercation throwing closed fist punches."

21. Plaintiff continued to insist that he was not involved in the altercation.

22. The hearing officer then summarized Sgt. Guynup's testimony, noting that, "the Sergeant has already testified he was physically present in the area and that you were a participant in this incident."

23. Sgt. Guynup then stated, "[A]ny body that was on the ground was…handcuffed, positively identified by your ID and then escorted out of the Yard of that affected area to the gymnasium…"

24. In response to the hearing officer's questions plaintiff agreed that he had been in the area of the yard near the incident, and that he was brought to the gymnasium.

25. Despite being specifically asked how he had identified plaintiff as a participant in the large altercation, Sgt. Guynup did not testify that he observed plaintiff throwing punches or otherwise participating in the altercation, nor did he testify that any other officer reported having observed plaintiff fighting.

26. There is no evidence that Sgt. Guynup observed plaintiff fighting with other inmates.

27. There is no evidence in the hearing record that any other officer observed plaintiff fighting with other inmates.

28. Sgt. Guynup was the only witness who testified at the hearing.

29. The hearing record also contains confidential information, which has not been provided to plaintiff or plaintiff's counsel. On information and belief, the confidential information pertains to the allegation that the altercation in the yard was related to gang activity, not to plaintiff's personal involvement in that incident.

30. At the conclusion of the hearing, on August 24, 2011, the hearing officer found plaintiff guilty of all charges set forth in the misbehavior report, and imposed a penalty including 36 months disciplinary confinement in a Special Housing Unit (SHU) and loss of package, commissary, and phone privileges, and 12 months recommended loss of good time.

31. Plaintiff submitted a *pro se* administrative appeal on or about August 24, 2011.

32. On October 28, 2011 Donald Venettozzi, Acting Director of the Department of Corrections and Community Supervision's Office of Special Housing and Inmate Discipline, issued a determination modifying the disposition of plaintiff's hearing to 18 months SHU and loss of privileges, and 12 months recommended loss of good time, but otherwise affirming the determination that plaintiff was guilty of the alleged misbehavior.

33. On February 10, 2012 plaintiff's counsel submitted a request for reconsideration to Albert Prack, Director of DOCCS' Office of Special Housing and Inmate Discipline. The request argued that, pursuant to the New York Court of Appeals' decision in Bryant v. Coughlin, 77 N.Y.2d 642 (1991) a conclusory statement that all inmates in a particular area were involved in a disturbance, with no evidence of the specific role played by the charged inmate, is not sufficient to satisfy the state law standard which requires "substantial evidence" of guilt.

34. On February 24, 2012, having received no response from defendant Prack, plaintiff proceeded to challenge the disposition of his hearing, as administratively modified, through an Article 78 proceeding in state court.

35. On March 16, 2012 defendant Prack responded by letter, denying the request for reconsideration, and stating that he did not believe there were "sufficient grounds to reconsider the previous decision on that hearing…"

36. On November 9, 2012, while the Article 78 proceeding was pending before the Appellate Division, Third Department, plaintiff's August 24, 2011 hearing disposition was administratively reversed and expunged.

37. Following the administrative reversal of the August 24, 2011 hearing disposition, plaintiff was released from SHU on November 19, 2012.

38. Plaintiff suffered a deprivation of a constitutionally protected liberty interest while in disciplinary confinement, in SHU, from August 19, 2011 to November 19, 2012.

39. Plaintiff has exhausted his administrative remedies.

## CAUSE OF ACTION

40. Defendants have deprived plaintiff of a liberty interest protected by the due process clause of the Fifth and Fourteenth Amendments to the Constitution, by finding plaintiff guilty of misbehavior, without sufficient evidence to support the charge. See, Zavarro v. Coughlin, 970 F.2d 1148 (2d Cir. 1992).

**WHEREFORE** plaintiff requests that this Court:

1. Declare that the acts set forth herein are in violation of Plaintiff's rights under the federal constitution;

2. Enter judgment in favor of plaintiff for reasonable compensatory damages against defendants Miller and Venettozzi, jointly and severally, to compensate plaintiff for the loss of liberty and other hardships arising from the defendants' actions in violation of his rights;

3. Award plaintiff the costs of this action, including reasonable attorneys fees; and

4. Grant such other and further relief as the Court deems just and proper.

Dated:     April 17, 2013

/s James Bogin
James Bogin
Bar Roll No. 101174
Prisoners' Legal Services of New York
Attorneys for Plaintiff
41 State Street, Suite M112
Albany, NY 12207
(518) 438-8046